**FILED**

## ORDER APPROVING AND MODIFYING STIPULATED PROTECTIVE ORDER JUN 2 3 2005

IN C- _04- 5008_ _____ MHP

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

The above (attached) stipulation re confidentiality is approved except as follows:

1)   Counsel shall narrowly tailor the documents, materials or papers that come within this order

2)   As applied to documents, materials or papers filed with the court, this order shall be used sparingly to cover only those items that are clearly trade secret, come within clearly defined areas of privileges accepted in the federal courts, or have a compelling need for confidentiality.

3)   Documents, material or papers submitted as exhibits to or in support of motions or for pretrial, trial or other court proceedings shall not be filed under seal except by order the court. The parties are reminded that the federal courts are public fora and matters to be heard by the court are conducted publicly. Furthermore, documents, materials or other papers submitted as exhibits will remain as part of the court record and may not be withdrawn without order of the court.

4)   Under no circumstances shall memoranda or pleadings required to be filed with the court pursuant to the Federal Rules of Civil Procedure or the Civil Local Rules of this District be filed under seal.

**IT IS SO ORDERED.**

Dated: _6/22/05_

_____
MARILYN HALL PATEL
United States District Judge

1  SUNDEEN SALINAS ROMELL & PYLE
   HUNTER PYLE, SBN 191125
2  1330 Broadway, Suite 1830
   Oakland, California 94612
3  Telephone:     510-663-9240
   Facsimile:     510-663-9241
4
   Attorneys for Plaintiff
5  Nicole M. Pedroia

6
   COOK & ROOS LLP
7  MICHAEL E. WILBUR, CBN 152361
   221 Main Street, Suite 1600
8  San Francisco, CA 94105
   Telephone:     415-362-7071
9  Facsimile:     415-362-7073

10 KING & SPALDING LLP
   JOHN F. WYMER, III, Admitted *pro hac vice*
11 LISA A. KABULA, Admitted *pro hac vice*
   191 Peachtree Street
12 Atlanta, GA 30303-1763
   Telephone:     (404) 572-4600
13 Facsimile:     (404) 572-5134

14 Attorneys for Defendant
   Air Serv Corporation
15

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18

19 NICOLE M. PEDROIA,                    )  Case No. C 04-05008 MHP
                                         )
20            Plaintiff,                  )
                                         )
21      v.                                )  **Consent Protective Order**
                                         )
22 AIR SERV CORPORATION; and DOES 1-     )
   20, inclusive,                         )
23                                        )
              Defendants.                 )
24 _____)

25      IT IS HEREBY STIPULATED by and among the undersigned parties, through their

26 counsel of record as follows:

27

28                                          1
   PEDROIA v. AIR SERV CORPORATION
   CASE NO. C 04-05008 MHP                                   Consent Protective Order

1.   This Stipulation and Order ("Confidentiality Order") shall govern all documents and discovery materials produced within the context of this litigation.

2.   As used herein, the term "document" or "documents" shall have the same meaning as "writing" as defined in Rule 1001 of the Federal Rules of Evidence and shall also include information stored on computer discs or stored in any other data compilation process from which information can be transcribed.

3.   As used herein, the term "counsel of record" shall mean the attorneys of record and such legal associates, paralegals, and clerical or other support staff who are employed by such counsel and actually involved in assisting in the litigation.

4.   As used herein, the term "person" shall mean in the plural as well as in the singular, any individual, corporation, firm, association, partnership, business trust, governmental body, or any other legal or business entity, unless specified herein to the contrary.

5.   As used herein, the term "party" shall mean, in the plural as well as the singular, the plaintiff or the defendant in this action and shall include its directors, officers, employees, or agents, past or present.

6.   All documents and information provided or produced by Defendant within the context of this litigation that fall within the following categories shall be designated "Confidential Material": (1) information in which the party or a third party has a protected privacy interest, including information contained in employee personnel or employment-related files or other personnel information, and (2) information that is proprietary and confidential, business information, or trade secrets, the release of which the designating party reasonably believes in good faith would harm its business. Plaintiff shall have the right to designate as "Confidential Material" documents of a similar nature.

2

PEDROIA v. AIR SERV CORPORATION
CASE NO. C 04-05008 MHP                                    Consent Protective Order

7.    Any party who objects to the classification of material as confidential, as provided in Paragraph 6, shall notify the opposing party in writing of that objection and specify the material to which the objection is made. The parties shall, within 10 days of service of the written objection, meet in person or via telephone and confer concerning the objection. If the objection is not resolved at the meeting, the party designating the material classified as confidential shall, within 10 days of the expiration of the meet and confer period, file a motion (or raise the issue by other procedures as directed by the Court) to resolve the dispute over the confidential nature of the material and shall bear the burden of proof on the issue. The parties agree to treat all disputed information or material as confidential unless and until there is a final ruling from the Court that the material is not confidential. If no such motion is filed within the stated time period, the material will not be considered confidential and will not continue to be subject to the protection of this Order.

8.    As used herein, the term "Confidential Material" shall refer to:

(a)    Any documents (including any portions thereof and any information contained therein, other than attorney work product based on the document) produced in this litigation, including any document used as an exhibit or referred to in a deposition, which have had stamped or affixed thereon the word "CONFIDENTIAL." If a document cannot be labeled in accordance with this Paragraph without obliterating all or a portion of its content, the documents may be designated as confidential when produced in an accompanying transmittal letter which states that the information is confidential and is subject to this Confidentiality Order.

PEDROIA v. AIR SERV CORPORATION
CASE NO. C 04-05008 MHP

3

Consent Protective Order

(b)     Deposition testimony believed by a party to disclose confidential or proprietary information or information subject to an individual's privacy rights, may be designated as "Confidential Material" during the deposition, in which case the transcript of the designated testimony shall be bound in separate volume and marked "CONFIDENTIAL" by the reporter as the designating party may direct, and shall be subject to Paragraph 7 above.  Similar practicable arrangements may be made to separate Confidential material in videotaped depositions.  All other portions, or the entire transcript or videotape if no designation is made, shall not be confidential and shall not be within the terms of this Confidentiality Order.

(c)     Confidential Material does not include any information or documents obtained or produced by a party outside of the context of discovery in this litigation.  However, nothing in this Confidentiality Order shall affect the rights of any party to enforce any rights it may have regarding the confidentiality of documents and other information disclosed or transferred to another party or person prior to the institution of the present litigation.

9.     Confidential Material shall be disclosed only to:

(a)     The Court and its officers, including jurors, pursuant to Paragraph 16 hereof;

(b)     The Plaintiff, to the extent allowed by Paragraph 10 below;

(c)     Experts and/or consultants retained by counsel of record on behalf of the parties;

(d)     Witnesses or potential witnesses to the extent allowed by Paragraph 11 below;

(e)     Counsel of record and the respective personnel of the law firms as set forth in Paragraph 3;

4

PEDROIA v. AIR SERV CORPORATION
CASE NO. C 04-05008 MHP                                                     Consent Protective Order

(f) In the event that Plaintiff discharges her current counsel of record, prospective attorneys who agree to be bound by the provisions of Paragraph 14, below;

(g) Persons who have had previous access to the designated material or the information contained therein; and

(h) Defendant's managers and Human Resources personnel as needed to investigate and take appropriate action with regard to employee conduct for which the Defendant might possibly be liable. Confidential Material shall not be disclosed to any other person except in compliance with Paragraphs 11 and/or 12 below, whichever is applicable.

10. Confidential Material produced by Defendant may be disclosed to the Plaintiff. Plaintiff may not, however, disclose the contents or any information gleaned from Confidential Material to any person other than those identified in 9(a) above. If Confidential Material is disclosed to or retained by Plaintiff, Plaintiff must agree to either destroy the Confidential Material or return it to her attorney at the close of the case, subject to the provisions set forth in Paragraph 15 below.

11. Applicants, employees or former employees (collectively, "Employee Witnesses") may review the documents contained in their own facility and/or payroll files, except that no such materials shall be disclosed to the Employee Witnesses pursuant to this Paragraph unless they have been specifically designated by Defendant as constituting that individual's facility and/or payroll file. However, Employee Witnesses and other witnesses may be shown Confidential Material subject to the provisions in Paragraph 14 below.

12. Confidential Material shall be treated as confidential by all persons to whom such information may be disclosed and shall be used by all such persons solely for the prosecution or defense of the claims at issue in this action.

13. If counsel for Plaintiff or Defendant should conclude that for the purpose of this action either side needs to disclose any Confidential Material or information derived from Confidential Material to any person not described in Paragraph 9 of this Confidentiality Order, counsel must request permission from opposing counsel in writing. If opposing counsel objects to the proposed disclosure, no such disclosure shall be made unless the Court orders otherwise. Each party, however, may disclose its own Confidential Material without regard to this Confidentiality Order unless otherwise under an existing duty to another party not to do so.

14. Any person to whom the Confidential Material may be shown pursuant to Paragraphs 9(c), 9(d), and 11 hereof shall first be shown or read a copy of this Confidentiality Order and shall agree in writing to be bound by its terms by signing a copy of the Statement of Confidentiality. The law firm obtaining the person's signature on the Statement of Confidentiality will retain the original signed statement. A deponent may be examined regarding Confidential Material provided that the deponent agrees in writing or on the record at the deposition to be bound by the terms of this Order and signs a copy of the Statement of Confidentiality unless a party objects to the examination. In the event of such objection during the deposition, the objecting party shall (1) immediately contact the Court for informal resolution of the objecting party's concerns, and, if this is not possible, (2) within ten days of the objection, file a notice or other application to the Court to resolve the dispute and shall bear the burden on the issue. In the event that a

6

PEDROIA v. AIR SERV CORPORATION
CASE NO. C 04-05008 MHP

Consent Protective Order

witness or deponent refuses to sign a copy of the Statement of Confidentiality, the parties agree to contact the Court to resolve the matter.

15. Upon final termination of this action, unless otherwise agreed to in writing by counsel of record for the producing party, each party shall promptly assemble and return all Confidential Material including all copies thereof, to the producing party. The producing party to whom Confidential Material is returned shall acknowledge receipt of such material in writing. In the alternative, the parties may retain all Confidential Material and all copies thereof, and arrange for storage of such materials followed by destruction of such materials. If Confidential Material is permanently stored, only counsel of record and the parties may have access to such stored materials and counsel of record and the parties shall ensure that no information contained in the Confidential Material may be disclosed to any party.

16. Filing Protected Materials in Court. Protected materials may not be filed in Court, whether separately or with or as part of pleadings or other court papers except under seal. The protected materials shall be filed in a sealed envelope or other appropriate container on which shall be endorsed the caption of this lawsuit, the title of the court paper or a brief description of the enclosed materials, the legend "Confidential-Subject to Court Order," and a statement to the following effect:

> This envelope [or other container] contains documents filed in this case by [name of party]; it is not to be opened by, nor are the contents to be displayed or revealed to, anyone other than authorized Court personnel, except upon order of the Court.

PEDROIA v. AIR SERV CORPORATION
CASE NO. C 04-05008 MHP

7

Consent Protective Order

1  Confidential Material may not be filed electronically with the Court. Instead,

2  Confidential Material must be filed under seal manually with the Court along with a

3  "Manual Filing Notification" filed electronically.

4  17. This Confidentiality Order does not constitute a waiver of any party's rights to object to

5  discovery on any grounds, including the ground that the information sought contains

6  trade secrets, confidential business information and/or information in which third parties

7  have a privacy right. Nor does this Confidentiality Order constitute an admission by any

8  party that any Confidential Material is in fact a trade secret, confidential business

9  information and/or information in which a third party has a privacy right.

11 18. This Confidentiality Order is not intended to govern the use of Confidential Material at

12  any trial of this action. Questions as to the protection of Confidential Material during

13  trial will be resolved by the Court prior to or during trial.

15 19. If another court or administrative agency subpoenas or orders production of Confidential

16  Material that a party has obtained under the terms of this Confidentiality Order, such

17  party shall promptly notify the producing party of the pendency of the subpoena or order

18  and shall make every reasonable effort to provide the producing party with an

19  opportunity to object or otherwise to take appropriate steps not to produce and/or protect

20  the Confidential Material.

22 20. This Stipulation and Order shall not prevent any of the parties from moving this Court

23  for an order that Confidential Material may be disclosed other than in accordance with

24  this Stipulation and Order. This Stipulation and Order is without prejudice to the right of

25  any party to seek modification of it from the Court. It shall remain in effect until such

26  time as it is modified, amended, or rescinded by the Court. The Court shall have

28

8

PEDROIA v. AIR SERV CORPORATION
CASE NO. C 04-05008 MHP

Consent Protective Order

1  continuing jurisdiction to modify, amend or rescind this Stipulation and Order

2  notwithstanding the termination of this action.

3

4
   CONSENTED TO BY:
5

6

7
   SUNDEEN SALINAS ROMELL & PYLE          KING & SPALDING LLP
8  HUNTER PYLE, SBN 191125                JOHN F. WYMER, III, Admitted *pro hac vice*
   1330 Broadway, Suite 1830              LISA A. KABULA, Admitted *pro hac vice*
9  Oakland, California 94612              191 Peachtree Street
   Telephone:   510-663-9240             Atlanta, GA 30303-1763
10 Facsimile:   510-663-9241             Telephone:   (404) 572-4600
                                          Facsimile:   (404) 572-5134
11 Attorneys for Plaintiff
   Nicole M. Pedroia
12                                        COOK & ROOS LLP
                                          MICHAEL E. WILBUR, CBN 152361
13                                        221 Main Street, Suite 1600
                                          San Francisco, CA 94105
14                                        Telephone:   415-362-7071
                                          Facsimile:   415-362-7073
15

16                                        Attorneys for Defendant
                                          Air Serv Corporation
17

18

19 ORDERED this____ day of_____, 2005.

20

21

22

23 The Honorable Marilyn Hall Patel
   United States District Judge
24

25

26

27

28
                                    9

1
2

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

3

4   NICOLE M. PEDROIA,                                    )   Case No. C 04-05008 MHP
                                                          )
5                   Plaintiff,                            )
                                                          )
6           v.                                            )   **Statement of Confidentiality**
                                                          )
7   AIR SERV CORPORATION; and DOES 1-                     )
    20, inclusive,                                        )
8                                                         )
                    Defendants.                           )
9   _____               )

10          By signing this document, I hereby certify that I have read the Consent Protective Order

11  entered by the Court in <u>Nicole Pedroia v. Air Serv Corporation</u>, Civil Action File No. C 04-

12  05008 MHP (N.D. Ca.) and hereby agree to abide by its terms and conditions. I also understand

13

14  that any violation of the Consent Protective Order by me or anyone acting under my direction

15  may subject me to penalties. I hereby consent to the Court's exercise of personal jurisdiction

16  over me for the purpose of enforcing said Consent Protective Order only.

17
18
19                                          _____
                                            SIGNATURE
20
21
22                                          _____
                                            NAME (PRINTED)
23
24                                          _____
                                            SOCIAL SECURITY #
25
26
27                                          _____
                                            DATE
28

                                              10

PEDROIA v. AIR SERV CORPORATION
CASE NO. C 04-05008 MHP                                          Consent Protective Order